[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S POST JUDGMENT MOTION FOR MODIFICATION DATED 9/6/00 (#127); PLAINTIFF'S MOTION TO MODIFY JUDGMENT, POST JUDGMENT DATED 9/27/00 (#128)
The defendant seeks to modify the current child support order entered by the court (Cohen, JTR) on May 27, 1999 when the marriage of the parties was dissolved. The bases for the defendant's motion is three-fold: (i) the plaintiff is now receiving Social Security benefits CT Page 981 for the minor children since the defendant is now receiving benefits; (ii) the plaintiff's income has increased substantially since the date of the judgment, and (iii) the children spend a substantial amount of their time with the defendant, thus singly or collectively constituting a substantial change in circumstances since the current order was entered.
The plaintiff also seeks to modify the current order of support claiming a substantial change in the financial, child access and other circumstances of the parties and seeks an upward modification required by the Child Support Guidelines and is in the best interests of the children.
On October 2, 2000 and October 27, 2000 the court heard the testimony of the parties, heard arguments of counsel and received post-hearing memoranda of law and makes the following findings of fact:
On May 27, 1999 the defendant commenced receiving Social Security disability benefits in the amount of $999 per month. In view of the defendant's entitlement the plaintiff, as representative payee of the minor children commenced receiving $500 per month for the minor children and also received a retroactive payment of $1,245 for past benefits for the period March 2000 through July 2000. The Judgment provided, inter alia "(child support) shall be reviewed by the Court if and when the Husband begins to receive Social Security disability benefits upon motion of either party." At the time judgment entered the defendant's financial affidavit reflected "o" income and the financial affidavit of the plaintiff reflected gross weekly income of $672.79.
The financial affidavits of the parties submitted on October 2, 2000 disclose a gross weekly earnings of the plaintiff to be $701 and that of the defendant to be $230.54 representing his Social Security disability benefits. The year-to-date earnings statement of the plaintiff shows the average weekly gross earnings of the plaintiff through the period August 24, 2000, including overtime, etc. to be $898.26 and the court finds that this amount should be used in the computation of child support. The court further finds that the increased gross weekly income of both parties constitutes a substantial change in circumstances as well as the receipt by the parties of the Social Security benefits previously referred to.
The positions espoused by the plaintiff for an upward modification are two-fold. The primary claim for modification is based upon a claim that the defendant's mother has made substantial recurring gifts to the defendant which should be included in his income. The court, in part, agrees with this position. The defendant readily testified that his mother made contributions to the renovations to the defendants house which primarily benefitted the minor children, paid for vacations and CT Page 982 other trips of the defendant and the minor children, made gifts directly to the defendant and the minor children and underwrites the defendants weekly expenses to the extent they exceed his social security benefits. A great number of the gifts were made prior to the judgment but there was ample evidence to show gifts made subsequent, especially the payment by the mother of the defendant's weekly expense shortfall, which, based on the defendant's financial affidavit amounts to $375.85 per week (excluded were expenses directly related to the minor children). With respect to the parenting plan it would appear that the defendant might be entitled to a deviation of child support based on his extensive time with the minor children and the other expenses of the children he was ordered to pay as part of the judgment.
The plaintiff also seeks to have her maiden name restored. Her counsel is directed to file the appropriate form with the court for signature.
Counsel are ordered to file with the court within two weeks from the date of this decision child support guideline worksheets based upon the following:
(1) The plaintiff's weekly gross income is $898.26;
 (2) The defendant's weekly gross income is $606.39 ($230.54 Social Security and $375.85 recurring gifts);
 (3) The defendant's weekly gross income shall be increased by the amount received by the plaintiff of Social Security benefits as representative payee;
(4) The defendant is entitled to the Social Security dependency benefits adjustment.
If either party seeks a deviation of the presumptive current support because of the parenting plan or the other support payments made part of the judgment then the party seeking deviation shall submit the basis for the deviation.
The presumptive child support shall be retroactive to the filing of the respective motions. Further, since the judgment specifically provided for court review upon the receipt of the defendant's Social Security and based upon both parties proving a substantial change in financial circumstances the court will not award counsel fees to either party.
BY THE COURT CT Page 983
John R. Caruso, J.